UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN R. VAN ORDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV00940 ERW |
| ) | |
| ALLEN BLAKE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Motion for Summary Judgment [doc. #55].[1] John Van Orden ("Plaintiff") filed this lawsuit under 42 U.S.C. § 1983. He alleges violations of his First, Fifth, Eighth and Fourteenth Amendment rights. In his Second Amended Complaint, Plaintiff seeks monetary damages from Allen Blake ("Defendant Blake") in both his official and individual capacities and he seeks declaratory and injunctive relief from the Missouri Department of Mental Health ("Defendant DMH") (collectively, "Defendants").

Plaintiff alleges that his First Amendment rights were violated when he was given rules violations after listening to the news on his walkman. He asserts that he received no procedural process due process protection in connection with these violations. Finally, he states that his

---

[1] Also pending before the Court are Defendants' Motion to Dismiss [doc. # 36], Plaintiff's Motion for Appointment of Counsel [doc. #39], Plaintiff's Motion for Authentication & Identification [doc. #42], Plaintiff's Motion for Discovery [doc. #43], Plaintiff's Motion for Summary Judgment [doc. #53], Plaintiff's Motion for Appointment of Counsel [doc. 63], Plaintiff's Motion for Temporary Restraining Order [doc. #71] and Plaintiff's Motion to Compel [doc. #73]. The Court has considered the merits of these Motions, including whether "factors such as the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claim" demonstrate that the appointment of counsel would be appropriate. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). The Court finds that counsel should not be appointed in this instance, and will deny all remaining Motions as moot.

conditions of confinement violate the Eighth Amendment, because of the restrictions that were imposed after his rules violation and because he received a contaminated razor from a staff person.

I.  **BACKGROUND FACTS**[2]

The Court begins by noting that Plaintiff's Response to the pending Motion only minimally discusses Plaintiff's claims. The vast majority of his response appears to have been taken from briefs submitted to the Court from another action. *See Strutton v. Meade*, 4:05CV02022 ERW.

As a result, most of Plaintiff's arguments and assertions are simply not relevant to his claims.

Additionally, Plaintiff's Response fails to satisfy the Local Rules. The Local Rules specifically require "specific references to portions of the record, where available, upon which the opposing party relies." Local Rule 7-4.01(E). Local rules such as this are implemented in order to prevent district courts from having to "scour the record looking for factual disputes." *Northwest Bank and Trust Co. v. First Illinois Nat'l. Bank*, 354 F.3d 721, 725 (8th Cir. 2003).

Most of the statements in Plaintiff's response do not include specific references to portions of the record as is required under the local rules. Several statements merely say "Deny" without any supporting citations. Other responses are "short unsubstantiated phrases." *See Libel v. Adventure Lands of America, Inc.*, 482 F.3d 1028, 1032 (8th Cir. 2007). The Eighth Circuit has held that a district court does not abuse its discretion when it deems admitted those statements of undisputed facts that violate the local rules. *Id.* at 1033. Accordingly, all statements of fact that are not supported by citations to the record will be considered admitted for the purposes of the

---

[2] The Court's recitation of the facts is taken from Defendant's Statement of Uncontroverted Material Facts [doc. #56].

pending motion. Plaintiff has submitted neither an affidavit or other evidence sufficient to create a genuine dispute, and accordingly, the Court will consider the Statement of Uncontroverted Material Facts submitted by Defendants to be admitted by Plaintiff for the purpose of the pending motion.

Plaintiff is currently a resident of the Missouri Sexual Offender Treatment Center ("MSOTC"). In September 2006, Plaintiff was being detained while awaiting commitment proceedings to determine if he is a sexually violent predator pursuant to the Missouri Sexually Violent Predators Act, Mo. Rev. Stat. § 632.480. Defendant Blake is the Chief Operating Officer of the MSOTC. On September 21, 2006, a meeting was held with all ward staff and residents in Plaintiff's ward. This meeting addressed the selection of local news programs. The residents were told that they were not allowed to watch news channels 2, 4, 5, 11 and 12, but that they could watch CNN. Later that day, Plaintiff went and got his personal walkman and started listening to the news on his radio. Plaintiff showed another resident the radio station of his choice and discussed whether another resident who was involved in an incident at the MSOTC on September 18, 2006 would be charged with aggravated assault.

Sandra Fenwick overheard this conversation and issued a major rule violation to Plaintiff for "manipulating others," for telling the other resident what radio station he had selected, and she issued an intolerable violation to Plaintiff for "interfering with others treatment." Plaintiff filed requests asking that the violations be expunged. The violation for interfering with others' treatment was expunged on October 8, 2006.[3]

---

[3] In his Second Amended Complaint, Plaintiff alleges that on February 13, 2008 he received another resident's razor. He alleges that the other individual has Hepatitis C. No facts related to this allegation were included in the pending Motion, other than Defendants noting that Defendant Blake was not involved in this alleged constitutional violation. However, in his Response, Plaintiff asks that this claim against Defendant Blake be voluntarily dismissed.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Supreme Court has noted that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" *Id.* at 327 (quoting Fed. R. Civ. P. 1). "By its very terms, [Rule 56(c)(1)] provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Further, if the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

The initial burden of proof in a motion for summary judgment is placed on the moving party to establish "the non-existence of any genuine issue of fact that is material to a judgment in his favor." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative

4

evidence and specific facts showing there is a genuine dispute on that issue. *Anderson*, 477 U.S. at 256-57. When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In fact, the non-moving party must show there is sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249; *Celotex*, 477 U.S. at 334. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

The Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc.*, 210 F.3d 845, 847 (8th Cir. 2000). The Court instead "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." *Id.*

### III. DISCUSSION

Defendants allege that Plaintiff's claims against Defendant DMH are prohibited because Defendant DMH is not a "person" under 42 U.S.C. § 1983. Additionally, Defendants assert that Plaintiff's claims for monetary damages against Defendant Blake fail because they are barred by the Eleventh Amendment and because there is no causal link between Defendant Blake and the alleged constitutional violations. The Court will consider each argument separately.

#### A. *CLAIMS AGAINST THE DEPARTMENT OF MENTAL HEALTH*

Actions under 42 U.S.C. § 1983 can only be maintained against "persons." *See Will v. Michigan Department of Corrections*, 491 U.S. 58, 64 (1988). Defendants are correct that

Defendant DMH is not a person within the meaning of 42 U.S.C. § 1983. *Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991). As a result, the Court will dismiss all of Plaintiff's claims against Defendant DMH.

## B. CLAIMS FOR DAMAGES AGAINST DEFENDANT BLAKE

Plaintiff has brought this action against Defendant Blake in both his official and his individual capacities. Plaintiff seeks only monetary damages from Defendant Blake. In his Response, Plaintiff seeks to voluntarily dismiss his claim against Defendant Blake relating to the razor blade. Accordingly, the Court will dismiss this claim without prejudice. However, the claim against Defendant Blake relating to the violations Plaintiff was issued has not been voluntarily dismissed by Plaintiff.

### 1. *Official Capacity*

A plaintiff may seek injunctive relief in suits against state employees in their official capacity. *Heartland Acad. Cmty. Church v. Waddle*, 427 F.3d 525, 530 (8th Cir. 2005). However, claims for monetary damages brought against state officers in their official capacities are barred "either by the Eleventh Amendment or because in these capacities they are not 'persons' for § 1983 purposes." *Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989)). Plaintiff seeks only monetary relief from Defendant Blake. The Eleventh Amendment requires this Court to grant summary judgment for Defendant Blake with respect to Plaintiff's claims for monetary damages against Defendant Blake in his official capacity.

### 2. *Individual Capacity*

"Liability under §1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "Absent a

showing of a causal connection between the misconduct complained of and the official sued, an individual cannot be held accountable for the alleged constitutional rights' violations committed by others." *Artis v. Petrovsky*, 638 F. Sup. 51, 55-56 (W.D. Mo. 1986) (internal citations omitted).

Plaintiff's has failed to introduce any evidence against Defendant Blake that demonstrates a causal link, or that Defendant Blake had any responsibility for the alleged violation. Additionally, it is well established that "[r]espondeat superior is not a basis for liability under 42 U.S.C. § 1983." *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (internal citations omitted). As there is no causal connection, and as Defendant Blake cannot be liable through the theory of respondeat superior, Plaintiff's claims against Defendant Blake in his individual capacity must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's claim against Defendant Blake relating to the razor is **DISMISSED, without prejudice.**

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment [doc. #55] is **GRANTED.** All of Plaintiff's remaining claims are **DISMISSED, with prejudice.**

**IT IS FURTHER ORDERED** that all remaining Motions [docs. # 36, 39, 42, 43, 53, 63, 71 and 73] are **DENIED, as moot.**

Dated this 13th Day of November, 2008.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE